UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOZETTA RUSSELL, as Personal
Representative for the Estate of JEVON
ROYALL, Deceased,

      Plaintiff,

v.

CITY OF DETROIT, et al.,

      Defendants.
      _____/

Case No. 2:09-cv-13801

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** (docket no. 7)

This is a civil-rights case. The plaintiff, Kozetta Russell, is the representative of Jevon Royall, who she alleges was wrongfully killed by the defendant police officers, employees of the City of Detroit. The plaintiff had previously filed a nearly identical action, Russell v. City of Detroit, No. 08-14132, which was dismissed by stipulation of the parties and refiled in the present action. The matter comes before the Court on the plaintiff's motion for recusal pursuant to 28 U.S.C. § 455. In the motion, the plaintiff seeks the recusal of the undersigned because of a prior investigation and prosecution of Mr. Geoffrey Fieger, whose law firm is representing the plaintiff in this case. Plaintiff had brought a motion for recusal in the previous action, which motion was denied by the Court. See Russell v. City of Detroit, No. 08-14132 (docket no. 16). The Court again denies Ms. Russell's renewed motion for recusal.

28 U.S.C. § 455 states, "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The standard of inquiry is an objective one;

it asks "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

The Court notes that there is no allegation of a possible appearance of bias against the plaintiff herself, or against her decedent. Indeed, the Court is aware of no fact about the plaintiff or her case which would lead a reasonable person to even begin to entertain the question of the impartiality of the Court. Instead, the plaintiff asserts in her motion that there may be a possible appearance of bias against the plaintiff's counsel. The Fourth Circuit Court of Appeals has stated the following:

> Bias against an attorney is not enough to require disqualification under § 455 unless petitioners can show that such a controversy would demonstrate a bias against the party itself. *Davis v. Board of School Com'rs of Mobile County*, 517 F.2d 1044, 1050-52 (5th Cir. 1975), *cert. den.* 425 U.S. 944, 48 L. Ed. 2d 188, 96 S. Ct. 1685 (1976); 13A Wright, Miller & Cooper, Fed'l Pract. & Proc. § 3542 at 576. For the bias against the attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney because of his conduct. *Davis* at 1051. Antipathy to an attorney is insufficient grounds for disqualification of the judge. *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1398 (8th Cir. 1983).

*In re Beard*, 811 F.2d 818, 830 (4th Cir. 1987). In the *Beard* case, the Fourth Circuit found that strong, personal criticism of the one of the attorneys did not require disqualification. *Id.*

Here, as stated in the Court's earlier order denying recusal in the initial case, the Court has undertaken a careful review and consideration of the particular circumstances of the case. The Court has no bias or prejudice against Mr. Fieger, the attorneys in Mr. Fieger's law firm, or Mr. Fieger's clients. More importantly, the Court finds that its past relationship with Mr. Fieger is not of such a nature as to require this Court's disqualification from every future case in which Mr. Fieger's law firm is involved. Plaintiff's arguments to the contrary are based in large part on significant factual inaccuracies in her account of undersigned's

involvement in the investigation and prosecution of Mr. Fieger. Accordingly, the Court concludes that a reasonable person with knowledge of the relevant facts would not question the undersigned's impartiality in presiding over the plaintiff's case.

**WHEREFORE,** it is hereby **ORDERED** that the plaintiff's motion for recusal (docket no. 7) is **DENIED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 5, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 5, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager